UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRISTOPHER McNULTY,                                    :
                                                        :
                        Plaintiff,                      :
                                                        :                    **DECISION AND ORDER**
            v.                                          :                    14-CV-5242 (WFK)
                                                        :
CAROLYN W. COLVIN,                                      :
Acting Commissioner of Social Security,                 :
                                                        :
                        Defendant.                      :
-------------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Christopher McNulty ("Plaintiff") brings this action pursuant to 42 U.S.C. §
405(g) alleging the Commissioner of Social Security (the "Commissioner") improperly denied
Plaintiff's request for Social Security disability benefits for the time period between April 30,
2010 and September 23, 2011. The Commissioner filed a motion for judgment on the pleadings
requesting the Commissioner's decision be affirmed and Plaintiff's complaint be dismissed.
Plaintiff filed a cross-motion for judgment on the pleadings requesting an order reversing the
Commissioner's decision and awarding Plaintiff disability benefits based upon a closed period
from April 30, 2010 through September 23, 2011. For the reasons that follow, the
Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was born on October 21, 1965, has a Graduate Equivalency Diploma, and has no

difficulty understanding written or spoken English. *See* Dkt. 13 (Administrative Record) ("R."),

at 73, 136, 138. Plaintiff is right-handed and has a long and steady work history of consistent

employment. *Id.* at 138, 153. On April 11, 2010, Plaintiff sustained a workplace injury to his

right shoulder when he was struck by a swinging heavy metal plate that was suspended from a

chain hoist. *Id.* at 271. At the time of the accident, Plaintiff was employed as a refrigeration

engineer who "maintained and operated the air conditioning and heating systems for high-rise

commercial office buildings in New York City." *Id.* at 38, 138-39.

Plaintiff filed an application for Social Security disability benefits under Title II of the Social Security Act (the "Act") on December 30, 2011. *Id.* at 19. Plaintiff's application was denied on March 6, 2012. *Id.* Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 23, 2013. *Id.* at 19, 32-71. After the hearing, the ALJ issued a decision on May 30, 2013 finding Plaintiff was not disabled. *Id.* at 16-27. The Appeals Counsel denied Plaintiff's request for review on August 13, 2014. *Id.* at 1-3. This denial became the Commissioner's final act.

## DISCUSSION

### I.    Standard of Review

When a claimant challenges the Social Security Administration's ("SSA") denial of disability benefits, the Court's function is not to evaluate *de novo* whether the claimant is disabled, but rather to determine only "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *amended on reh'g*, 416 F.3d 101 (2d Cir. 2005); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"); *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). Substantial evidence is "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y., Inc. v. NLRB*, 305 U.S. 197, 229 (1938)); *Moran*, 569 F.3d at 112. The substantial evidence test applies not only to the Commissioner's factual findings, but also to inferences and conclusions of law to be drawn from those facts. *See Carballo ex rel. Cortes v. Apfel*, 34 F. Supp. 2d 208, 214 (S.D.N.Y. 1999) (Sweet, J.). In determining whether the record contains substantial evidence to support a denial of benefits, the

reviewing court must examine the entire record, weighing the evidence on both sides to ensure that the claim "has been fairly evaluated." *See Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

It is the function of the SSA, not the federal district court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) (citing *Richardson*, 402 U.S. at 399); *see also Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). Although the ALJ need not resolve every conflict in the record, "the crucial factors in any determination must be set forth with sufficient specificity to enable [the reviewing court] to decide whether the determination is supported by substantial evidence." *Calzada v. Asture*, 753 F. Supp. 2d 250, 268-269 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation marks omitted) (citing *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)).

To fulfill this burden, the ALJ must "adequately explain his reasoning in making the findings on which his ultimate decision rests" and must "address all pertinent evidence." *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269). "[A]n ALJ's failure to acknowledge relevant evidence or to explain its implicit rejection is plain error." *Id.* (internal quotation marks and citations omitted). Remand is warranted when "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).

## II. Determination of Disability

### A. Applicable Law

For purposes of disability benefits, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The impairments in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner must apply the five-step sequential process set forth in 20 C.F.R. § 404.1520. *See e.g., Rosa*, 168 F.3d at 77. The claimant bears the burden of proving the first four steps, while the burden shifts to the Commissioner at the fifth step. *Id.* First, the Commissioner must determine whether claimant is engaging in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not so engaged, the second step is to determine whether the claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment does not match any of the listings, the fourth step is to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform past relevant work, the final step is to determine whether the claimant can perform another job based on his or her RFC, work experience, age, and education. 20 C.F.R. § 404.1520(a)(4)(v).

## B. The ALJ's Decision

The ALJ followed the five-step procedure to evaluate Plaintiff's claim and found that: (1) Plaintiff did not engage in substantial gainful activity between April 30, 2010 and September 23, 2011, the alleged period of disability; (2) Plaintiff had the following severe impairments between April 30, 2010 and September 23, 2011: right shoulder labral tear, impingement syndrome, and partial rotator cuff tear; (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) Plaintiff had the RFC to perform the full range of sedentary work[1] between April 30, 2010 and September 23, 2011; and (5) considering Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform between April 30, 2010 and September 23, 2011. As a result, the ALJ found that Plaintiff was not disabled between April 30, 2010 and September 23, 2011. R. at 21-27.

## C. The ALJ's Alleged Error

Plaintiff makes one argument in support of his motion: the ALJ improperly concluded at step three of the sequential process set forth in 20 C.F.R. § 404.1520 that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Dkt. 12 ("Pl.'s Br.") at 1, 6-8. According to Plaintiff, because his impairments of a right shoulder labral tear and partial rotator cuff tear (the "Shoulder Injuries") are soft tissue injuries that fall within the meaning of

---

[1] "Sedentary work involves lifting no more than [ten] pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

Listing 1.08 of 20 C.F.R. Part 404, Subpart P, Appendix 1, Plaintiff is entitled to disability

benefits between the period of April 30, 2010 and September 23, 2011. *Id.* at 1. Plaintiff alleges

the ALJ committed error by finding that the Shoulder Injuries did not fall within the definition of

"soft tissue injuries" under Listing 1.08. *Id.* at 7-8. Specifically, Plaintiff alleges the ALJ

committed error by failing to find that the Plaintiff met or equaled the criteria set forth in Listing

1.08, by determining that Listing 1.08 did not apply to Plaintiff because it "applies to soft tissue

injuries, and the undersigned can find no authority to establish that [Listing 1.08] applies to a

torn labrum." *Id.* at 6 (internal quotation marks and citation omitted). To determine whether the

ALJ's decision was erroneous, the Court must review whether substantial evidence exists in the

record to support the ALJ's conclusion that Plaintiff's Shoulder Injuries do not fall within the

definition of "soft tissue injuries" under Listing 1.08. *See, e.g., Butts v. Barnhart*, 388 F.3d at

384. For the reasons set forth below, the Court finds that the ALJ properly concluded that

Plaintiff's Shoulder Injuries do not fall under the definition of "soft tissue injuries" under Listing

1.08.

**III.    The ALJ Properly Concluded Plaintiff Did Not Have an Impairment or
        Combination of Impairments that Met or Medically Equaled an Impairment
        Listed in 20 C.F.R. Part 404, Subpart P, Appendix 1**

Listing 1.08 of 20 C.F.R. Part 404, Subpart P, Appendix 1 reads as follows:

> 1.08 Soft tissue injury (e.g., burns) of an upper or lower extremity, trunk, or
> face and head, under continuing surgical management, as defined in 1.00M,
> directed toward the salvage or restoration of major function, and such major
> function was not restored or expected to be restored within 12 months of
> onset. Major function of the face and head is described in 1.00O.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.08. "The SSA regulations do not define 'soft

tissue injury' other than identifying 'burns' as an example of such an injury." *Murray v. Comm'r*

*of Soc. Sec.*, 13-CV-1336, 2014 WL 4199725, at *12 (E.D.N.Y. Aug. 21, 2014) (Brodie, J.) (citation omitted).

Here, the only issue for the Court to resolve is whether Plaintiff's Shoulder Injuries fall under the definition of "soft tissue injury" as intended by Listing 1.08. *See* Pl.'s Br. at 6-8. In determining that Plaintiff's Shoulder Injuries did not qualify as a "soft tissue injury" as contemplated by Listing 1.08, the ALJ stated:

> "Listing 1.08 applies to soft tissue injuries, and [I] can find no authority to establish that it applies to a torn labrum. Listing 1.08 has been interpreted in other jurisdictions to include injuries such as a 'de-gloving injury' of the hand and injury to skin, muscle and fascia. In the present case, [Plaintiff's] [Shoulder Injuries] [are] orthopedic in nature, and he did not suffer from any significant injury to skin or muscle. Additionally, [L]isting 1.08 lists burns as an example of the type of injury to be contemplated under that listing, and [I] accept[] this as additional evidence that the listing does not apply to [Plaintiff's Shoulder Injuries]."

R. at 22 (internal citations omitted).

Plaintiff argues the ALJ's decision "was clearly erroneous" because "[t]he very structure of the regulations suggest that injuries that are 'orthopedic in nature' could potentially qualify under [Listing] 1.08's criteria." Pl's Br. at 7. To support his argument, Plaintiff refers the Court to the definitions of rotator cuff and labrum on WedMD. However, Plaintiff has not provided any evidence that the definitions on WedMD should be considered controlling authority for purposes of defining "soft tissue injury" for Listing 1.08. *Id.* Plaintiff also relies on two cases, *Coppola v. Barnhart*, 99 F. App'x 365, 366-67 (3d Cir. 2004) and *Arsenault v. Barnhart*, 03-CV-108, 2004 WL 1013381, at *5-6 (D.N.H. May 4, 2004) (Barbadoro, J.), to support his argument that "multiple courts have not hesitate[d] to reverse and remand where the [ALJ] failed to

consider Listing 1.08 in this context."[2] However, these cases do not stand for the proposition Plaintiff claims them to stand for.

In *Coppola*, the court reversed and remanded the case to the SSA because Listing 1.08 was amended after the ALJ's decision denying disability. *Coppola*, 99 F. App'x at 366. As such, the *Coppola* court found remand appropriate because "we are presented with a regulation whose application to the case before us has not been considered by the agency. If it is determined that the new regulation is more favorable to the claimant than the original version, she should be entitled to rely on the more expansive construction." *Id.* This case does not present facts similar to *Coppola* as Listing 1.08 was both considered by the ALJ here and has not since been amended.

In *Arsenault*, the Court remanded the case to the SSA for further analysis because "[t]he ALJ did not mention Listing 1.08, or any other listing, in his decision. [The ALJ] stated only that [he] found that [plaintiff] did not meet any of the listings in the SSA regulations[.]" *Arsenault*, 2004 WL 1013381 at *6. Unlike *Arsenault*, the ALJ here explicitly mentioned Listing 1.08 and the rationale as to why Plaintiff's Shoulder Injuries did not qualify as a medical impairment under Listing 1.08.

Absent any authority stating that Plaintiff's Shoulder Injuries should be considered as a medical impairment for purposes of Listing 1.08, the Court cannot conclude the incorrect legal standards were applied or substantial evidence does not support the Commissioner's decision. *See Butts v. Barnhart*, 388 F.3d at 384. Accordingly, the Commissioner's decision is affirmed.

---

[2] Plaintiff also attempts to cite *Williams v. Astrue*, 2010 WL 1905031 (M.D. Ala. May 12, 2010) (Coody, Mag. J.) for the same proposition. However, this case was also relied upon by the ALJ, who distinguished it from the facts present in Plaintiff's case. R. at 22. The Court concurs with the ALJ's understanding and distinction of the *Williams* case.

## CONCLUSION

For the reasons stated herein, the Commissioner's motion for judgment on the pleadings, Dkt. 9, is GRANTED, and Plaintiff's cross-motion for judgment on the pleadings, Dkt. 11, is DENIED. This matter is hereby dismissed. The Clerk of Court is respectfully instructed to close this case.

**SO ORDERED.**

s/William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 27 2015
       Brooklyn, New York